546

cross-examination made in an effort to cause him to express some doubt that appellant was one of the men (and never expressing any doubt), we cannot see that, regardless of the technical propriety, vel non, of the question, it mattered one way or the other that the state was allowed to ask the witness the question, "Have you any doubt about that?" meaning about his identifying appellant as the man who held the gun on witness while he was being robbed. It just simply could not have worked any prejudice to appellant's rights, under the circumstances.

Other exceptions reserved were to rulings of no more importance than the one discussed above.

The issue in the case was of the simplest. Appellant was accorded every right to which he was entitled under the law. The state was allowed no unfair advantage.

The trial and proceedings throughout were conducted and had in the way provided by the law.

We find, nowhere, a prejudicially erroneous ruling nor action by the court, and the judgment of conviction is affirmed.

Affirmed.

BRICKEN, Presiding Judge.

It appears, from the record in this case, that appellant was indicted at the September, 1934, term of said court, charged with the offense of assault with intent to murder. And further, that he was tried and convicted as charged on November 13, 1934; judgment of conviction was pronounced and entered, and the defendant was duly sentenced to serve an indeterminate term of imprisonment in the penitentiary for not less than two years, nor more than three years. From the judgment of conviction, this appeal was taken.

Pending this appeal in this court, we are officially notified that this appellant has escaped from custody and is now a fugitive from justice. As such, he has no standing in this court and cannot prosecute or maintain his appeal. Said appeal, for the reason stated, is hereby dismissed upon motion of the Attorney General.

Appeal dismissed.

163 So. 459

## HINGLE v. SIMS.
### 7 Div. 102.

Court of Appeals of Alabama.
Oct. 8, 1935.

163 So. 467

## BRINKLEY v. STATE.
### 6 Div. 732.

Court of Appeals of Alabama.
Sept. 24, 1935.

